## SUPREME COURT.

ALANSON SMITH, respondent agt. MATTHIAS N. HOOSE, appellant.

This is a novel case—an action to recover damages against the defendant for the wrongful *conversion of a promissory note* owned by the plaintiff; whereby the plaintiff by fiction of the action placed defendant in *possession* of the note, and proved the tenor of it and indorsements thereon, and recovered the balance claimed to be due on the note, when it appeared on the trial that the plaintiff's attorney had the note in his pocket, and could and should have produced it in evidence. .

This error, however, *held* not sufficient to reverse the judgment rendered for the plaintiff, although the whole evidence to sustain the judgment was very unsatisfactory.

*Albany General Term, March,* 1860.

*Present,* GOULD, HOGEBOOM and PECKHAM, *Justices.*

THE plaintiff's statement of facts : This action was brought in justice's court, to recover damages against the defendant for the wrongful conversion of a promissory note owned by the plaintiff.

The makers of the note were the defendant and one William A. Lampman. The note was transferred to the plaintiff before the same became due, and some eight or nine years before suit brought. The note was a joint and several note for $100, with interest. About six years before this action was brought, the said Lampman paid $40 on said note, which he testifies to be all he ever authorized to be endorsed on said note. The plaintiff and Lampman had considerable deal between them before and after the making of the note. The fall after the $40 payment, the said Lampman paid the plaintiff some $68. He was owing the plaintiff $12 before that. That was all that Lampman recollected owing Smith till he paid the $68. Lampman had, after the making of the note, some $500 or $600 deal with Smith, of which two, three or four hundred dollars was since the $68 payment.

There appeared to be an indorsement on the note beside the $40 indorsement, of $25 or $30, which indorsement was made on the note the fall before the action was commenced.

After the suit was brought the defendant claims to have made a tender of the note and the costs of the suit. No money was paid or offered to the plaintiff or justice.

There was a subscribing witness to the note. On the trial the justice admitted evidence offered by the plaintiff to show the contents of the note, under the defendant's objection. Afterwards the subscribing witness was produced as a witness whose testimony was corroborative of the other witnesses as to the contents of the note.

Judgment was rendered for the plaintiff for $60, being

the balance due on the note after deducting the two pay-
ments indorsed thereon.

The defendant appealed to the county court of Greene
county, where the judgment of the justice was affirmed;
and the defendant appeals to this court.

H. C. VAN BERGEN, *attorney for appellant.*
OLNEY & MOTT, *attorneys for respondent.*

By the court, GOULD, Justice. This case is in a very
uncertain, unsatisfactory condition. It is difficult to say
that anything was clearly proved on the trial. The plain-
tiff, suing for the conversion of a note, by the very terms
*of his complaint placed the note in the defendant's posses-
sion;* and so he, the plaintiff, was not bound to produce it
in evidence, but could prove its tenor by any witness who
could testify to it, not being confined to the subscribing
witness. Yet, in the course of the trial it is made perfectly
plain that the attorney for the plaintiff must have had the
note, and could have produced it; and the justice ought to
have made him do so. Still, I do not see that therein there
is ground for reversing the judgment; nor do I see any
fatal error in the rulings as to admitting or rejecting evi-
dence.

I see no clear proof of any payments having been actually
made on this note, except the $40 and the $25 or $30. Nor
is there plain proof that any other sum, paid by Lampman
to Smith, was so paid that the law would apply it on this
note. Whatever there is of the case, seems to consist more
of questions of fact than of questions of law; and in the
state of the evidence I do not see now we can reverse the
judgment, though I am far from satisfied that justice has
been done. One thing is sure—that the recovery in this
action gives the defendant Hoose full title to this note, and
he can have it and cancel it. This is upon the supposition
that the plaintiff really owned the note at the time the suit

was brought. Of this, I confess I have some doubt, as there is absolutely *no* proof that he did ; and except that the trial seems to have proceeded on the basis that he did, unless it were paid, I should for that failure of proof reverse the jugdment.

Judgment of county court affirmed.